Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM: *

Ricardo Manuel Alvarado–De Hoyos ("Alvarado") appeals his conviction and sentence for illegal reentry. Alvarado challenges the constitutionality of 8 U.S.C. § 1326(b)(1) & (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

Alvarado's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Alvarado contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Alvarado properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Alvarado also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The Government concedes the error and admits that it cannot carry its burden of establishing beyond a reasonable doubt that the error was harmless. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Thus, Alvarado's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR FURTHER PROCEEDINGS.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon GONZALEZ–LOPEZ,**
**Defendant–Appellant.**

No. 04–41532.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 2, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office Southern

---

District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Ramon Gonzales–Lopez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 57 months of imprisonment and three years of supervised release.

Gonzalez–Lopez's constitutional challenge to § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez–Lopez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez–Lopez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Accordingly, Gonzalez–Lopez's conviction is affirmed.

Gonzalez–Lopez contends that his sentence must be vacated because he was sentenced pursuant to mandatory Sentencing Guidelines that were held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He asserts that the error is structural and is insusceptible of harmless error analysis. Contrary to Gonzalez–Lopez's contention, we have previously rejected this specific argument. *See United States v. Walters,* 418 F.3d 461, 463 (5th Cir.2005).

In the alternative, Gonzalez–Lopez contends that the Government cannot show that the *Fanfan* error was harmless. We review Gonzalez–Lopez's preserved challenge to his sentence for harmless error under FED.R.CRIM.P. 52(a). *Walters,* 418 F.3d at 463.

Gonzalez–Lopez was sentenced at the low end of the guideline range. The record provides no indication, and the Government has not shown, that the district court would not have sentenced Gonzalez–Lopez differently under an advisory guidelines system. *See United States v. Garza,* 429 F.3d 165, 170–71 (5th Cir.2005). Accordingly, Gonzalez–Lopez's sentence is vacated, and his case is remanded for further proceedings consistent with this opinion.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.